UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                      :

LATEEF YUSUF, as Administrator of the Goods,  :
Chattels, and Credits which were of DEBBY    :
YUSUF, deceased,                             :    **MEMORANDUM DECISION**
                                        :    **AND ORDER**
                     Plaintiff,       :
                                          :    20-cv-1079 (BMC)
         - against -              :
                                          :

MEREDITH JONES, MD, *et al.*,           :
                                          :

                   Defendants.     :
------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff, as administrator of decedent's estate, brings this wrongful death suit against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and against Dr. Meredith Jones and Brookdale Hospital Medical Center under state tort law. Defendant United States has moved to dismiss the FTCA claims for failure to timely exhaust them before the appropriate administrative agency. Plaintiff contends that his claims were timely exhausted and that, even if they weren't, he is entitled to equitable tolling. Because plaintiff failed to timely satisfy the presentment requirements set forth in 28 C.F.R. § 14.2 and does not meet the requirements for equitable tolling, his claims under the FTCA are dismissed.

## BACKGROUND

The dates and events relevant to the United States' motion are as follows: decedent Debby Yusuf sought medical treatment from Dr. Meredith Jones between October 24, 2016 and November 2, 2016. Dr. Jones maintains her practice at Brookdale Hospital Medical Center ("Brookdale"). On or about October 28, 2016, Yusuf also came under the medical care of doctors working at "HELP/Project Samaritan Services Corporation d/b/a Brightpoint Health"

("Brightpoint").  Brightpoint is owned and operated by the federal government.  After suffering a myocardial infarction, Yusuf passed away on November 2, 2016.

On October 26, 2018, plaintiff filed a complaint in state court against Dr. Jones, Brookdale, and the Brightpoint defendants.  Upon the United States substituting itself as a party for the Brightpoint defendants and removing the case to federal court,[1] plaintiff and the United States stipulated to discontinue the case without prejudice on May 6, 2019.[2]  Magistrate Judge Gold So-Ordered the stipulation the next day.  The express reason for the dismissal was to allow plaintiff "to first . . . present his . . . claim to the appropriate federal agency" before filing the lawsuit anew.[3]

To that end, on May 7, 2019, plaintiff mailed a Standard Form 95 ("SF 95") with supporting documents to the U.S. Department of Health and Human Services ("HHS").  The SF 95 is the official form for filing a notice of claim against the federal government.  Boxes 12 through 12d on the SF 95 require a claimant to specify the "Amount of Claim (in dollars)" that he is seeking.  Plaintiff left those boxes empty.

On July 16, 2019, an HHS employee called plaintiff to inform him that his SF 95 was missing an amount of claim.  Plaintiff sent an updated SF 95 by email that same day, this time "alleging damages in the amount of $10,000,000.00 for personal injury and $10,000,000.00 for wrongful death."  HHS acknowledged receipt of the second SF 95 on July 25, 2019.  On March 31, 2020, HHS denied the claim and plaintiff thereafter filed suit in this Court against the United States under the FTCA, and against Dr. Jones and Brookdale under state tort law.

---

[1] 19-cv-1560, Dkt. No. 1.

[2] Id. Dkt. No. 3.

[3] Id. at 2.

The United States moves to dismiss the FTCA claims for plaintiff's failure to timely

exhaust his administrative remedies before HHS prior to filing the present action.

**DISCUSSION**

In the usual case, "[a] tort claim against the United States shall be forever barred unless it

is presented in writing to the appropriate Federal agency within two years after such claim

accrues." 28 U.S.C. § 2401(b). However, the so-called Westfall Act modifies this general rule

for actions "in which the United States is substituted as the party defendant" and are thereafter

dismissed for "failure first to present a claim" to the appropriate federal agency. 28 U.S.C.

§ 2679(d)(5). Under that scenario, the plaintiff must present his claim to the agency within 60

days after dismissal of the case. Id. § 2679(d)(5)(B).

An administrative claim is deemed presented "when a Federal agency receives from a

claimant . . . an executed Standard Form 95 or other written notification of an incident,

accompanied by a claim for money damages in a sum certain for injury to or loss of property,

personal injury, or death . . . ." 28 C.F.R. § 14.2(a). Thus, the two necessary components for

presentment are "(1) a written notice of claim that sufficiently describes the injury so that the

agency can 'investigate and ascertain the strength of a claim' and (2) a sum certain damages

claim." Romulus v. United States, 983 F. Supp. 336, 340 (E.D.N.Y. 1997) (quoting GAF Corp.

v. United States, 818 F.2d 901, 920 (D.C. Cir. 1987)), aff'd, 160 F.3d 131 (2d Cir. 1998).

The sum certain element cannot be satisfied merely by offering a token placeholder

figure or by assuming that certain claimed injuries have an inherent worth of at least one dollar.

See Adams by Adams v. U.S. Dep't of Housing & Urban Dev., 807 F.2d 318, 320-21 (2d Cir.

1986); Johnson v. Smithsonian Inst., 189 F.3d 180, 190 (2d Cir. 1999) ("Although Johnson's

family sent letters to the Smithsonian demanding the artwork's return in 1987 and 1995, the

3

letters did not include a claim for a sum certain and therefore did not constitute the filing of a

formal administrative claim for FTCA purposes."), abrogated on other grounds by United States

v. Kwai Fun Wong, 575 U.S. 402 (2015).  In Adams by Adams, for example, the Second Circuit

rejected the argument that filing an administrative claim for "in excess of $1,000" was sufficient

to allow the plaintiff to later sue the United States in court for $4,000,000.  807 F.2d at 321.  The

reasons for this were twofold:

> First, acceptance of this proposition would in effect nullify the prohibition in
> § 2675(b) against any suit for an amount in excess of that stated in the
> administrative claim, for there is no theoretical upper limit on an amount that is
> described only as being "in excess of" a stated dollar figure. Further, one purpose
> of the specificity requirement is to give the government adequate notice of the
> extent of the claimant's demands.

Id.  The Court therefore held that the plaintiff's initial "letter request[ing] damages 'in excess of

$1,000.00' . . . should be deemed sufficiently definite [only] to the extent of $1,000."  Id.

Moreover, timely filing a noncompliant SF 95 does not extend the statutory deadline to

perfect presentment by amendment.  Indeed, only a "claim presented *in compliance with* [the

presentment provision] may be amended by the claimant at any time prior to final agency

action."  28 C.F.R. § 14.2(c) (emphasis added); see Walker v. United States, No. 11-cv-866,

2014 WL 2917084, at *3 (D. Del. June 25, 2014) ("[T]he plain language of section 14.2(c)

precludes the April and May 2011 submissions from being 'amendments' to the plaintiff's

noncompliant February 26, 2010 written communication.").  Thus, although it may cause a harsh

result, the law is that a plaintiff must timely provide the agency with a specific sum claimed

against the United States.  See Mohamed v. F.B.I., No. 14-cv-7615, 2015 WL 6437369, at *6

(S.D.N.Y. Oct. 21, 2015) ("Letters to an agency that 'do not contain a demand for money

4

damages in a sum certain' do not constitute presentation of a claim under the FTCA."

(*colatus*[4])).

Although the Supreme Court has recently concluded that the presentment requirement is non-jurisdictional, see Kwai Fun Wong, 575 U.S. at 420, it nonetheless remains a statutory requirement, see Gate Beach Club Corp. v. United States, 190 F. Supp. 3d 310, 314 (E.D.N.Y. 2016) ("28 U.S.C. § 2401(b) is akin to a statute of limitations."). Because it is statutory rather than jurisdictional, courts may forgive a default of timely presentment where a plaintiff can show that, *inter alia*, "some extraordinary circumstance stood in his way" of timely filing his claim. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (explaining the prerequisites for equitable tolling).

Here, plaintiff filed his initial lawsuit in state court within two years of the accrual of the cause of action. Once Magistrate Judge Gold endorsed and issued the parties' stipulation of dismissal on May 7, 2019, plaintiff had 60 days to satisfy the presentment requirement – i.e., until July 6, 2019. Although plaintiff filed an incomplete SF 95 on May 7, 2019, plaintiff only fully presented his claim on July 16, 2019. He was therefore 10 days too late.

Equitable tolling is not appropriate in this case. The Second Circuit has made it abundantly clear that "equitable tolling is considered a drastic remedy applicable only in 'rare and exceptional circumstances.'" A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). A court may not simply disregard this instruction in consideration of a party's garden variety mistake, regardless of how devastating to his case it may be. See Coleman v. Thompson, 501 U.S. 722, 753 (1991) ("Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent

---

[4] I.e., edited citation.

when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." (internal quotation marks omitted)); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to . . . a garden variety claim of excusable neglect."); Modlin v. U.S. Dep't of Veterans Affairs, No. 19-cv-74, 2019 WL 5618747, at *2 (E.D.N.C. Oct. 30, 2019) ("[A]ttorney error, alone, is not a ground for equitable tolling" in FTCA context); McKinney as Next Friend of A.M. v. United States, No. 17-cv-397, 2018 WL 9814393, at *4 (W.D. Mich. Apr. 19, 2018) (noting, in an FTCA case, that "courts have rejected the argument that the principles of equitable tolling extend to attorney error").

Plaintiff's citations to Irwin, 498 U.S. at 96, and Burnett v. New York Cent R.R., 380 U.S. 424, 434-35 (1965), to suggest otherwise miss the mark. In Irwin, the Supreme Court mentioned in dictum that it had previously "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," before deciding that equitable tolling was inappropriate in the case at hand. Irwin, 498 U.S. at 96 (citing cases). But the cases that the Court referenced in support of that principle, including Burnett, are materially different from this one. For example, Burnett dealt with a plaintiff who had timely sued in an improper venue according to an idiosyncratic statute applicable only in cases against railroads. Burnett, 380 U.S. at 425. The Court held that "Congress did not intend the statute of limitations to bar a plaintiff who brings a timely FELA action in a state court of competent jurisdiction, who serves the defendant with process, and whose action is later dismissed for improper venue." Id. at 432.

And in Herb v. Pitcairn, 325 U.S. 77, 954-55 (1945), which the Irwin Court also cited, the Supreme Court similarly held that a lawsuit is not barred under the federal statute of

6

limitations so long as it was timely "commenced" in a court that could transfer the case to a proper venue or forum. Id. at 78-79. The Herb Court went on to explain that "when process has been adequate to bring in the parties and to start the case on a course of judicial handling which may lead to final judgment without issuance of new initial process, it is enough to commence the action within the federal statute." Id. at 79.

These cases might be informative if plaintiff had timely satisfied the presentment requirements and then filed his FTCA action in the Court of Federal Claims or in a venue not permitted under 28 U.S.C. § 1402(b). But here, we do not deal with a case that was correctly filed in the wrong court. Rather, plaintiff filed a substantively inadequate SF 95 by failing to satisfy one of the two requirements set forth in 28 C.F.R. § 14.2 (and a requirement that was conspicuously prompted on the front of the form itself). Thus, the United States in this case was not timely afforded the process "adequate to bring in the parties and to start the case on a course of judicial handling," the fulfillment of which was the saving grace of the plaintiffs' claims in both Herb and Burnett. See Herb, 325 U.S. at 79; Burnett, 380 U.S. at 432. Indeed, one of the central reasons for the presentment requirements is to "give the government adequate notice of the extent of the claimant's demands" in order to facilitate investigation and settlement. See Adams by Adams, 807 F.2d at 321. This process being an essential purpose of presentment, plaintiff's default was certainly not, as he claims, *de minimis*, even if the time it took him to correct it was.

In light of this dismissal, I must decide whether to exercise supplemental jurisdiction over plaintiff's state law claims against Dr. Jones and Brookdale (and, by extension, the contribution cross-claims). As the United States acknowledges, because the now-dismissed FTCA claims furnished an initial jurisdictional basis to hear the case, I *may* keep the remaining claims before

me if justice so requires.  See Cohen v. Postal Holdings, LLC, 873 F.3d 394, 399 (2d Cir. 2017)

("When a district court dismisses, pursuant to Rule 12(b)(6), all claims over which it properly

has original subject-matter jurisdiction, the district court may still, under § 1367(c), exercise its

discretion to retain supplemental jurisdiction over related state-law claims.").  This would not

have been the case prior to the Supreme Court's 2015 decision in Kwai Fun Wong, before which

the Second Circuit had long held that the presentment requirement was jurisdictional.  See id.

The United States urges me not to exercise supplemental jurisdiction over plaintiff's state

law claims because "the matter is in its infancy . . . and there is no substantial federal policy that

will be advanced by retaining jurisdiction."  Yet if I decline supplemental jurisdiction over

plaintiff's tort claims against Dr. Jones and Brookdale, then those defendants could be forced to

litigate the same claims in two separate fora – the state law claims in state court and the

contribution claims in federal court.  Such duplicative litigation is inefficient and potentially

abusive, and should thus be avoided if at all possible.[5]

Moreover, because a jury doesn't ordinarily determine tort liability against the United

States, see 32 C.F.R. § 750.32, there is minimal risk of undue prejudice to the United States in

carrying out a joint trial.  Rather, the jury would deliver a verdict only as to the claims against

Dr. Jones and Brookdale, and I would make independent findings and conclusions as to the

contribution claims.  See, e.g., Gallardo v. United States, 697 F. Supp. 1243, 1244-45 (E.D.N.Y.

1988).  Whatever difficulty a jury may have in compartmentalizing the proof as between the two

sets of claims, it would still be present if the claims were severed.  In any event, that risk would

---

[5] See Comment, *United States as Third-Party Defendant Under Federal Tort Claims Act: The Problem of Multiple Litigation and a Call for Statutory Reform*, 115 U. Pa. L. Rev. 439, 442-43 (1967) ("[R]equiring [the third-party plaintiff] to relitigate all issues essential to its cause of action . . . is inconsistent with a philosophy of modern systems of procedure which aims at avoiding the expense, inconvenience and possibility of inconsistent verdicts resulting from multiple litigation." (citing sources)).

be primarily borne by Dr. Jones and Brookdale, who nevertheless prefer that the claims remain together.  Ultimately, efficiency and fairness considerations favor exercising supplemental jurisdiction in this case.

**CONCLUSION**

The United States' [22] motion to dismiss plaintiff's FTCA claims is granted and its [21] motion to dismiss the remaining claims without prejudice is denied.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
          July 30, 2020

9
