C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                      :

LATEEF YUSUF, as Administrator of the Goods,   :
Chattels, and Credits which were of DEBBY      :
YUSUF, deceased,                          :    **MEMORANDUM DECISION**
                                        :    **AND ORDER**
                      Plaintiff,     :
                                        :    20-cv-1079 (BMC)
                - against -     :
                                        :
MEREDITH JONES, MD, *et al*.,         :
                                        :
                    Defendants.     :
------------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff, as administrator of his deceased wife's estate, brought this medical malpractice action against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), together with supplemental state law claims against a private doctor and hospital defendants. After his attorney withdrew, the Court directed plaintiff to have new counsel appear on his behalf, or advise the Court that he intended to continue to prosecute the case *pro se*. Plaintiff did not respond, despite two dismissal warnings. Because plaintiff has failed to prosecute his case, it is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff's decedent Debby Yusuf sought medical treatment from Dr. Meredith Jones between October 24, 2016 and November 2, 2016. Dr. Jones maintained her practice at Brookdale Hospital Medical Center ("Brookdale"). On or about October 28, 2016, Yusuf also came under the medical care of a doctor working at "HELP/Project Samaritan Services Corporation d/b/a Brightpoint Health" ("Brightpoint"). Brightpoint is owned and operated by

the federal government.  After suffering a myocardial infarction, Yusuf passed away on November 2, 2016.

On October 26, 2018, plaintiff, acting as Administrator of his wife's estate, filed a complaint in state court against the Brookdale defendants, and, not knowing that Brightpoint was owned and operated by the federal government, the Brightpoint defendants.  Upon the United States substituting itself as a party for the Brightpoint defendants and removing the case to federal court, plaintiff and the United States stipulated to dismiss the claims against the United States without prejudice on May 6, 2019.  The purpose of the dismissal was to enable plaintiff to file and exhaust an administrative claim against the United States under the FTCA.  The Court remanded plaintiff's remaining claims against the Brookdale defendants to state court.  See Yusuf v. Jones, No. 19-cv-1560 (E.D.N.Y. May 7, 2019).

It appears that upon remand, plaintiff also voluntarily dismissed the claims against the Brookdale defendants, as plaintiff re-asserted his claims against both the United States and the Brookdale defendants by bringing a new action – this action – on February 27, 2020, after attempting to administratively exhaust his FTCA claim.  The Brookdale defendants asserted crossclaims for contribution or indemnification against the United States.  On July 30, 2020, this Court granted the motion of the United States to dismiss plaintiff's claims against it for failure to timely submit a proper administrative claim.  See Yusuf v. Jones, No. 20-cv-1079, 2020 WL 4369641, at *2-4 (E.D.N.Y. July 30, 2020).

The United States had also moved to dismiss plaintiff's claims against the Brookdale defendants, asking the Court to decline to exercise supplemental jurisdiction over those claims. The Court denied that part of the motion.  The Court determined to retain supplemental jurisdiction over plaintiff's state law claims against the Brookdale defendants because the

Brookdale defendants had requested leave to implead the United States (instead of crossclaiming) if the Court granted the motion of the United States to dismiss those crossclaims. Thus, if the Court had declined supplemental jurisdiction, the case would have been split between state court (plaintiff v. Brookdale), and federal court (Brookdale v. United States), even though the claims arose out of the same alleged injury.[1]  Id. at *4-5.

Plaintiff's counsel sought two extensions to complete discovery, receiving one, and the parties ultimately exchanged expert reports.  However, on August 12, 2021, plaintiff's counsel moved for leave to withdraw from representing plaintiff.  The motion indicated that plaintiff consented to counsel withdrawing, and intended to substitute new, although as yet unknown, counsel.  It appears from the motion that the reason plaintiff's counsel had needed the extensions of discovery, at least in part, was because his expert advised that he would not stand behind his report.  In addition, plaintiff's counsel had been unable to find another expert who would testify that defendants committed malpractice, despite substantial efforts to do so.

The Court gave plaintiff nearly three months to respond to the motion to withdraw, but plaintiff did not.  The Court therefore granted the motion on October 21, 2021.  The Order directed plaintiff, now *pro se*, to advise the Court by November 23, 2021 whether he wanted to obtain new counsel, or attempt to proceed with the action *pro se*, warning him that if he did neither, the action would be dismissed.  That gave plaintiff another month to find new counsel, in addition to the nearly three months since counsel had advised him that counsel intended to withdraw.

---

[1] At this point, the procedural posture of the case became somewhat garbled.  Although the Brookdale defendants had requested leave to implead the United States if the Court dismissed plaintiff's complaint as against the United States, the Court did not rule on that motion; instead, as noted above, it denied the motion of the United States to dismiss plaintiff's claims against the Brookdale defendants.  Whether or not that was the correct procedure, the parties continued to litigate Brookdale's crossclaims against the United States, even though the United States was only a crossclaim defendant.

Outgoing counsel served a copy of the Court's Order on plaintiff, but plaintiff did not respond. In light of plaintiff's *pro se* status, the Court *sua sponte* extended the time for plaintiff to advise the Court whether he wanted to proceed, either by counsel or *pro se*, giving him a "final warning" that the case would be dismissed if he did neither.  Plaintiff again did not respond.

The Court therefore needs to determine if the action should be dismissed for failure to prosecute.

## DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently.  See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir.1982).  "A court may dismiss an action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute if the plaintiff fails to meet this obligation."  Lewis v. Hellerstein, No. 14-cv-07886, 2015 WL 4620120, at *3 (S.D.N.Y. July 29, 2015); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir.2001).

Generally, "[a] plaintiff[']s lack of diligence alone is enough for dismissal."  West v. City of New York, 130 F.R.D. 522, 526 (S.D.N.Y. 1990).  Although "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant," Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), "even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning."  Jacobs v. Cty. of Westchester, No. 99-cv-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

When determining whether to dismiss an action for failure to prosecute, courts must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of

the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas, 84 F.3d at 535). Of these factors, no one is dispositive, Baptiste, 768 F.3d at 216 (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)), and "a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal." Grace v. New York, No. 10-cv-3853, 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010).

Upon consideration of these factors as well as other considerations, dismissal of plaintiff's action for failure to prosecute under Rule 41(b) is warranted.

Plaintiff was first put on notice that he would need to retain new counsel, or otherwise proceed *pro se*, in August 2021, when he consented to his attorney's withdrawal. Since that time, the Court has issued two Orders directing plaintiff to do so by certain deadlines or face dismissal. In the second of the two Orders, the Court stressed that plaintiff had been "expressly warned that the case would be dismissed" and that this was a "final warning."

The Court has provided ample opportunity over a period of many months for plaintiff to either find new counsel, or indicate any intention of proceeding *pro se*. Plaintiff has not done so. Moreover, he has received clear notice over an extended period that his failure to prosecute would result in dismissal. After no communication from plaintiff apprising the Court of his status or his desire to proceed with this litigation, the Court is convinced that plaintiff has abandoned this matter. Dismissal is prudent as "noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious

manner." Mahoney v. City of New York, No. 12-cv-06717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013).

There are two other factors pointing towards dismissal. First, it appears that neither plaintiff nor his former counsel has been able to secure a medical opinion that defendants (or at least the Brookdale defendants) committed malpractice, and thus the case lacks merit. Expert testimony is an essential requirement in most medical malpractice cases, especially those, like this case, where the alleged malpractice is based on failure to properly act according to complicated medical considerations. See Sitts v. United States, 811 F.3d 736, 739 (2d Cir. 1987) ("It is well established in New York law that unless the alleged act of malpractice falls within the competence of a lay jury to evaluate, it is incumbent upon the plaintiff to present expert testimony in support of the allegations to establish a prima facie case of malpractice.") (citations and quotations omitted).

In addition, plaintiff has not shown that he is even authorized to proceed *pro se* as a representative of his late wife's estate. Under 28 U.S.C. § 1654, although a *pro se* plaintiff can represent his decedent's estate if he is the sole beneficiary and there are no creditors, see Guest v. Hansen, 603 F.3d 15, 20-21 (2d Cir. 2010), plaintiff's failure to pursue this case has deprived the Court of the ability to determine whether *pro se* representation is permitted.

## CONCLUSION

This action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

SO ORDERED.

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       December 18, 2021

6